**DLA PIPER LLP (US)**
JULIE A. DUNNE (Bar No. CA-160544)
julie.dunne@us.dlapiper.com
JOSEPH J. KIM (Bar No. CA-351049)
joseph.kim@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Tel.:    858.677.1400
Fax:    858.677.1401

Attorneys for Defendants
SMTC CORPORATION and SMTC
MANUFACTURING CORPORATION
OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOMO NGUYEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMTC MANUFACTURING CORPORATION OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 3:24-cv-07394<br><br>(Alameda County Superior Court Case No. 23CV025898)<br><br>**DEFENDANT SMTC CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed:    January 18, 2023<br>Trial Date:    None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that Defendant SMTC Corporation hereby removes the state court action described herein, filed by Plaintiff Momo Nguyen ("Plaintiff") in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. SMTC Corporation makes the following allegations in support of its Notice of Removal.

**I.   STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**II.   VENUE**

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda. Therefore, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).

**III.   PLEADINGS, PROCESS, AND ORDERS**

3. On January 18, 2023, Plaintiff filed an unverified Complaint against Defendants SMTC Manufacturing Corporation of California ("SMTC Manufacturing") and CheckOne, Inc. ("CheckOne") in the Alameda County Superior Court entitled *MOMO NGUYEN, on behalf of herself and all others similarly situated, Plaintiff, v. SMTC MANUFACTURING CORPORATION OF CALIFORNIA; a California Corporation; CHECKONE, Inc.; a California Corporation; and DOES 1-50, inclusive, Defendants*, designated as Case No. 23CV025898 (the "Complaint"). Plaintiff's Complaint alleged that both SMTC Manufacturing and CheckOne (1) failed to pay all overtime wages; (2) failed to pay all sick time; (3) failed to provide proper meal periods; (4) failed

1  to provide proper rest periods; (5) failed to provide accurate itemized wage statements; (6) failed to
2  pay timely final wages; (7) failed to reimburse necessary business expenses; and (8) engaged in
3  unfair competition. (*See* Declaration of Joseph J. Kim ["Kim Decl."], ¶ 2.)

4   4.   On January 18, 2023, the Clerk of the Alameda County Superior Court issued a
5  Summons. (*See* Kim Decl., ¶ 3.)

6   5.   On January 18, 2023, Plaintiff filed in the Alameda County Superior Court a Civil
7  Case Cover Sheet. (*See* Kim Decl., ¶ 4.)

8   6.   On January 18, 2023, the Clerk of the Alameda County Superior Court issued a Notice
9  of Case Management Conference. (*See* Kim Decl., ¶ 5.)

10   7.   On January 18, 2023, the Alameda County Superior Court placed the case in the
11  special statuses of (1) Provisionally Complex and (2) Class Action. (*See* Kim Decl., ¶ 6.)

12   8.   On January 19, 2023, the Alameda County Superior Court scheduled a Complex
13  Determination Hearing for April 14, 2023. (*See* Kim Decl., ¶ 7.)

14   9.   On January 19, 2023, the Alameda County Superior Court scheduled an Initial Case
15  Management Conference for May 18, 2023. (*See* Kim Decl., ¶ 8.)

16   10.   On January 19, 2023, the Clerk of the Alameda County Superior Court issued a Notice
17  of Complex Determination Hearing. (*See* Kim Decl., ¶ 9.)

18   11.   On January 19, 2023, the case was assigned to the Honorable Brad Seligman in
19  Department 23, Rene C. Davidson Courthouse. (*See* Kim Decl., ¶ 10.)

20   12.   On January 20, 2023, Plaintiff served SMTC Manufacturing with the Summons,
21  Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference. Attached hereto
22  as **Exhibit A** is a true and correct copy of Plaintiff's Complaint. Attached hereto as **Exhibit B** are
23  true and correct copies of the Summons, Civil Case Cover Sheet, and Notice of Case Management
24  Conference. (*See* Kim Decl., ¶ 11.)

25   13.   On February 10, 2023, Plaintiff filed in the Alameda County Superior Court a Proof
26  of Service of the Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Management
27  Conference confirming that service occurred on January 20, 2023. Attached hereto as **Exhibit C** is
28  a true and correct copy of the Proof of Service. (*See* Kim Decl., ¶ 12.)

14. On February 14, 2023, Plaintiff filed in the Alameda County Superior Court an Affidavit of Due Diligence attesting to the unsuccessful attempts undertaken by First Legal to serve CheckOne with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference. Attached hereto as **Exhibit D** is a true and correct copy of the Affidavit of Due Diligence. (*See* Kim Decl., ¶ 13.)

15. On February 21, 2023, SMTC Manufacturing filed in the Alameda County Superior Court an Answer to Plaintiff's Complaint. Attached hereto as **Exhibit E** is a true and correct copy of SMTC Manufacturing's Answer. (*See* Kim Decl., ¶ 14.)

16. On February 21, 2023, SMTC Manufacturing filed in the Alameda County Superior Court a Proof of Service of its Answer on Plaintiff. Attached hereto as **Exhibit F** is a true and correct copy of the Proof of Service. (*See* Kim Decl., ¶ 15.)

17. On March 30, 2023, Plaintiff filed in the Alameda County Superior Court an Affidavit of Due Diligence attesting to the unsuccessful attempts undertaken by First Legal to serve CheckOne with the Summons, Complaint, Civil Case Cover Sheet, Notice of Complex Determination Hearing, and Notice of Case Management Conference. Attached hereto as **Exhibit G** is a true and correct copy of the Affidavit of Due Diligence. (*See* Kim Decl., ¶ 16.)

18. On April 6, 2023, the Clerk of the Alameda County Superior Court issued a Notice of Case Rescheduling or Relocation, rescheduling the Initial Case Management Conference from May 18, 2023, to May 19, 2023. Attached hereto as **Exhibit H** is a true and correct copy of the Notice of Case Rescheduling or Relocation. (*See* Kim Decl., ¶ 17.)

19. On April 14, 2023, a Complex Determination Hearing took place and the Alameda County Superior Court issued a Minute Order and Order designating the case as Complex. Attached hereto as **Exhibit I** are true and correct copies of the Minute Order and Order designating the case as Complex. (*See* Kim Decl., ¶ 18.)

20. On April 14, 2023, the Clerk of the Alameda County Superior Court issued an Initial Case Management Minute Order and Initial Case Management Order. Attached hereto as **Exhibit J** are true and correct copies of the Initial Case Management Minute Order and Initial Case Management Order. (*See* Kim Decl., ¶ 19.)

|   |   |
|---|---|
| 1 | 21. On May 18, 2023, Plaintiff and SMTC Manufacturing filed in the Alameda County Superior Court a Joint Case Management Conference Statement Attached hereto as **Exhibit K** is a true and correct copy of the Joint Case Management Conference Statement. (*See* Kim Decl., ¶ 20.) |

21.     On May 18, 2023, Plaintiff and SMTC Manufacturing filed in the Alameda County Superior Court a Joint Case Management Conference Statement Attached hereto as **Exhibit K** is a true and correct copy of the Joint Case Management Conference Statement. (*See* Kim Decl., ¶ 20.)

22.     On May 19, 2023, the Alameda County Superior Court continued the Initial Case Management Conference to October 10, 2023. Attached hereto as **Exhibit L** are true and correct copies of the Minute Order and Order continuing the Initial Case Management Conference. (*See* Kim Decl., ¶ 21.)

23.     On May 24, 2023, Plaintiff filed in the Alameda County Superior Court an Amendment to the Complaint pursuant to California Code of Civil Procedure § 474 identifying 40 HRS, Inc. ("40 HRS") as DOE 1 in the Complaint. Attached hereto as **Exhibit M** is a true and correct copy of the Amendment to the Complaint. (*See* Kim Decl., ¶ 22.)

24.     On June 5, 2023, Plaintiff filed in the Alameda County Superior Court a Proof of Service on 40 HRS of the Amendment to Complaint, Summons, Complaint, and Civil Case Cover Sheet, confirming that service occurred on June 2, 2023. Attached hereto as **Exhibit N** is a true and correct copy of the Proof of Service. (*See* Kim Decl., ¶ 23.)

25.     On July 14, 2023, 40 HRS filed in the Alameda County Superior Court an Answer to Plaintiff's Complaint. Attached hereto as **Exhibit O** is a true and correct copy of 40 HRS' Answer. (*See* Kim Decl., ¶ 24.)

26.     On July 17, 2023, CheckOne filed in the Alameda County Superior Court an Answer to Plaintiff's Complaint. Attached hereto as **Exhibit P** is a true and correct copy of CheckOne's Answer. (*See* Kim Decl., ¶ 25.)

27.     On September 12, 2023, SMTC Manufacturing filed in the Alameda County Superior Court a Substitution of Attorney. Attached hereto as **Exhibit Q** is a true and correct copy of the Substitution of Attorney. (*See* Kim Decl., ¶ 26.)

28.     On September 26, 2023, SMTC Manufacturing filed in the Alameda County Superior Court a Notice of Related Case, relating a case entitled *Rodriguez v. SMTC Manufacturing Corporation of California, et al.* ("*Rodriguez*"), which was filed in the Alameda County Superior Court on August 29, 2023. Attached hereto as **Exhibit R** is a true and correct copy of the Notice of

1  Related Case. (*See* Kim Decl., ¶ 27.)

2      29.   On October 2, 2023, Plaintiff filed an Opposition to SMTC Manufacturing's Notice
3  of Related Case. Attached hereto as **Exhibit S** is a true and correct copy of the Opposition to SMTC
4  Manufacturing's Notice of Related Case. (*See* Kim Decl., ¶ 28.)

5      30.   On October 2, 2023, all parties to the case filed in the Alameda County Superior Court
6  a Joint Stipulation to Continue Initial Case Management Conference and [Proposed] Order.
7  Attached hereto as **Exhibit T** are true and correct copies of the Joint Stipulation and [Proposed]
8  Order. (*See* Kim Decl., ¶ 29.)

9      31.   On October 4, 2023, the Alameda County Superior Court granted the Joint Stipulation
10  to Continue Initial Case Management Conference. Attached hereto as **Exhibit U** is a true and correct
11  copy of the Order granting Joint Stipulation to Continue Initial Case Management Conference. (*See*
12  Kim Decl., ¶ 30.) The Initial Case Management Conference was rescheduled from October 10, 2023,
13  to November 14, 2023. (*See* Kim Decl., ¶ 30.)

14      32.   On October 6, 2023, SMTC Manufacturing filed in the Alameda County Superior
15  Court a Reply to Plaintiff's Opposition to SMTC Manufacturing's Notice of Related Case. Attached
16  hereto as **Exhibit V** is a true and correct copy of the Reply to Plaintiff's Opposition to SMTC
17  Manufacturing's Notice of Related Case. (*See* Kim Decl., ¶ 31.)

18      33.   On November 8, 2023, all parties to the case filed in the Alameda County Superior
19  Court a Joint Stipulation to Continue Initial Case Management Conference and [Proposed] Order.
20  Attached hereto as **Exhibit W** are true and correct copies of the Joint Stipulation and [Proposed]
21  Order. (*See* Kim Decl., ¶ 32.)

22      34.   On November 14, 2023, the Alameda County Superior Court granted the Joint
23  Stipulation to Continue Initial Case Management Conference. Attached hereto as **Exhibit X** is a
24  true and correct copy of the Minute Order and Order granting Joint Stipulation to Continue Initial
25  Case Management Conference. (*See* Kim Decl., ¶ 33.) The Initial Case Management Conference
26  was rescheduled from November 14, 2023, to July 16, 2024. (*See* Kim Decl., ¶ 33.)

27      35.   On November 29, 2023, the Clerk of the Alameda County Superior Court issued a
28  Notice of Case Reassignment. Attached hereto as **Exhibit Y** is a true and correct copy of the Notice

of Case Reassignment. (*See* Kim Decl., ¶ 34.)

36. On December 7, 2023, Plaintiff filed in the Alameda County Superior Court a Peremptory Challenge to Judicial Officer and [Proposed] Order. Attached hereto as **Exhibit Z** are true and correct copies of the Peremptory Challenge to Judicial Officer and [Proposed] Order. (*See* Kim Decl., ¶ 35.)

37. On December 18, 2023, the Clerk of the Alameda County Superior Court issued two Notices of Case Reassignment. Attached hereto as **Exhibit AA** are true and correct copies of the two Notices of Case Reassignment. (*See* Kim Decl., ¶ 36.)

38. On December 29, 2023, the Clerk of the Alameda County Superior Court reassigned the case three times: first to the Honorable Tara Desautel, then to the Honorable Somnath Raj Chatterjee, and finally back to the Honorable Tara Desautel. (*See* Kim Decl., ¶ 37.)

39. On January 2, 2024, Plaintiff's Peremptory Challenge to Judicial Officer was granted. Attached hereto as **Exhibit BB** is a true and correct copy of the Order granting Plaintiff's Peremptory Challenge to Judicial Officer. (*See* Kim Decl., ¶ 38.)

40. On January 10, 2024, the Clerk of the Alameda County Superior Court issued a Notice of Case Reassignment, reassigning the case from the Honorable Tara Desautel to the Honorable Noël Wise. Attached hereto as **Exhibit CC** is a true and correct copy of the Notice of Case Reassignment. (*See* Kim Decl., ¶ 39.)

41. On January 12, 2024, the Alameda County Superior Court rescheduled the Initial Case Management Conference from July 16, 2024, to April 24, 2024. Attached hereto as **Exhibit DD** are true and correct copies of the Minute Order and Order rescheduling the Initial Case Management Conference. (*See* Kim Decl., ¶ 40.)

42. On April 10, 2024, the Clerk of the Alameda County Superior Court issued a Notice of Case Rescheduling or Relocation, rescheduling the Initial Case Management Conference from April 24, 2024, to May 13, 2024. Attached hereto as **Exhibit EE** is a true and correct copy of Notice of Case Rescheduling or Relocation. (*See* Kim Decl., ¶ 41.)

43. On April 29, 2024, the Alameda County Superior Court issued an Order rescheduling the Initial Case Management Conference from May 13, 2024, to February 24, 2025. Attached hereto

as **Exhibit FF** is a true and correct copy of the Order rescheduling the Initial Case Management Conference. (*See* Kim Decl., ¶ 42.)

44.   On October 4, 2024, SMTC Manufacturing filed in the Alameda County Superior Court a Notice of Change of Handling Attorney. Attached hereto as **Exhibit GG** is a true and correct copy of the Notice of Change of Handling Attorney. (*See* Kim Decl., ¶ 43.)

45.   On October 15, 2024, Plaintiff filed in the Alameda County Superior Court an Amendment to the Complaint pursuant to California Code of Civil Procedure § 474 identifying SMTC Corporation as DOE 2 in the Complaint. Attached hereto as **Exhibit HH** is a true and correct copy of the Amendment to the Complaint. (*See* Kim Decl., ¶ 44.)

46.   On October 21, 2024, SMTC Corporation filed in the Alameda County Superior Court an Answer to the Complaint. Attached hereto as **Exhibit II** is a true and correct copy of SMTC Corporation's Answer. (*See* Kim Decl., ¶ 45.)

47.   On October 21, 2024, SMTC Corporation and SMTC Manufacturing filed in the Alameda County Superior Court a Notice of Change of Handling Attorney. Attached hereto as **Exhibit JJ** is a true and correct copy of the Notice of Change of Handling Attorney (*See* Kim Decl., ¶ 46.)

48.   To SMTC Corporation's knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above. To SMTC Corporation's knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court other than as described above. Attached hereto as **Exhibit KK** is the full docket in this case as of October 21, 2024. (*See* Kim Decl., ¶ 47.)

**IV.   TIMELINESS OF REMOVAL**

49.   An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on the defendant—within 30 days of the defendant receiving service of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

1  paper from which it may first be ascertained that the case is one which is or has become removable."
2  28 U.S.C. § 1446(b)(3).

3  50.  Removal of this action is timely because Plaintiff amended her Complaint to name SMTC Corporation, a diverse entity, on October 15, 2024. Prior to naming SMTC Corporation as a defendant, the parties to this action were not diverse, and therefore removal was improper. SMTC Corporation thus timely removed this action on October 23, 2024—within 30 days of receipt through service of the amendment to the Complaint naming SMTC Corporation as a defendant.

**V.     CAFA JURISDICTION**

51.  As noted above, this Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As set forth below, this case meets each CAFA requirement for removal.

   **A.     This is a Class Action.**

52.  Plaintiff filed this action as a putative class action. (Complaint, ¶ 2.)

   **B.     The Proposed Class Contains At Least 100 Members.**

53.  The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B).

54.  Plaintiff alleges in her Complaint that "it is estimated that the Classes consist of at least one hundred (100) individuals." (Complaint, ¶ 36.) SMTC Corporation further alleges, on information and belief, that there are over 100 individuals that fall into the definition of the putative classes.

   **C.     Defendants Are Not Governmental Entities.**

55.  CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from

ordering relief." 28 U.S.C. § 1332(d)(5)(A).

56. SMTC Corporation, SMTC Manufacturing, CheckOne, and 40 HRS are all corporations and not states, state officials, or other governmental entities exempt from CAFA.

/ / /

### D. There is Diversity Between At Least One Putative Class Member and One Defendant.

57. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and SMTC Corporation are citizens of different states.

58. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750-751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

59. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in Alameda County in the State of California. (*See* Complaint, ¶ 9.)

60. SMTC Corporation is now, and was at the time the Complaint was filed, a citizen of a state other than the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because SMTC Corporation is now, and was at the time the Complaint was filed, a corporation organized under the

1  laws of the State of Delaware, with its principal place of business in the State of Florida. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" the corporation's headquarters). The majority of SMTC Corporation's executive and administrative functions are performed, and the majority of SMTC Corporation's executive and administrative officers are located, in the State of Florida. Accordingly, SMTC Corporation is, and at all relevant times has been, a citizen of the States of Delaware and Florida. 28 U.S.C. § 1332(c)(1).

61.  Class actions may be removed under CAFA "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b). Further, a class action "may be removed [under CAFA] by any defendant without the consent of all defendants." *Id.*

62.  Accordingly, Plaintiff is a citizen of a state different from SMTC Corporation, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A).

### E.  **The Amount in Controversy Exceeds $5,000,000.**

63.  Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

64.  In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

65.  For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on her claims. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that

1  "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

66. SMTC Corporation denies the validity and merit of the entirety of Plaintiff's claims and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class(es) are entitled to any damages or penalties whatsoever, SMTC Corporation has ascertained that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

67. Plaintiff's Complaint alleges that defendants (1) failed to pay all overtime wages; (2) failed to pay all sick time; (3) failed to provide proper meal periods; (4) failed to provide proper rest periods; (5) failed to provide accurate itemized wage statements; (6) failed to pay timely final wages; (7) failed to reimburse necessary business expenses; and (8) engaged in unfair competition. (*See* Kim Decl., ¶ 2.) However, Plaintiff's Complaint does not specify the amount of damages sought.

68. Where grounds for removal do not appear on the Complaint of the initial pleading, a defendant can also look to "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

69. In this case, on June 12, 2024, Plaintiff, plaintiff Rodriguez from the *Rodriguez* action, SMTC Manufacturing, CheckOne, and 40 HRS attended an all-day mediation with mediator Gig Kyriacou. (Declaration of Julie A. Dunne ["Dunne Decl."], ¶ 2.) In that mediation, Plaintiff estimated—and relayed to SMTC Manufacturing's counsel—an estimated amount placed into controversy by Plaintiff's Complaint that was in excess of CAFA's $5,000,000 requirement. (Dunne Decl., ¶ 3.) SMTC Manufacturing is represented in this action by the same counsel as SMTC Corporation and SMTC Corporation has therefore ascertained by extension that the amount in

controversy in this case exceeds CAFA's jurisdictional minimum of $5,000,000.

70. In *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007), the defendant in a class action case relied on a telephone call from plaintiffs' counsel to establish that the amount in controversy requirement under CAFA was met. The Ninth Circuit found that the CAFA removal was untimely because the defendant had received a letter subject to mediation privilege that calculated the damages and penalties in controversy were valued at more than $5,000,000. *Id.* The Ninth Circuit ruled that "California [mediation] privilege law does not directly apply" in the context of a removal and an amount in controversy ascertained within the scope of that privilege could be used to support removal to a federal court. *Id.* Similarly in *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002), the defendant relied on a settlement demand letter from the plaintiff as the sole basis for establishing that the amount in controversy exceeded $75,000. The settlement offer stated that the plaintiff valued his claim at more than $100,000, but that he would settle for $100,000. *Id.* at 840. The Ninth Circuit held this sole piece of evidence was sufficient to constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) as it "appear[ed] to reflect a reasonable estimate of the plaintiff's claim." *Id.*; *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) ("[T]he appropriate focus in determining the amount in controversy is on plaintiff's settlement offer is properly consulted in determining 'plaintiff's assessment of the value of her case.'" (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) (for removal purposes, a federal court should "give great weight to plaintiff's assessment of the value of plaintiff's case.")); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000 [under the prior $50,000 jurisdictional limit], it is 'apparent' that removal was proper." (citation omitted)); *Molina v. Lexmark Int'l, Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, at *13 (C.D. Cal. Sept. 30, 2008) (the "use of settlement offers as evidence of the amount in controversy has not hindered [Federal Rule of Evidence] 408's goal of encouraging open and honest discussion during negotiation.").

71. Accordingly, although SMTC Corporation disputes that Plaintiff is entitled to any relief, Plaintiff's calculation of the alleged damages and penalties is sufficient, for purposes of

removal, to establish that the amount in controversy exceeds the jurisdictional minimum.

## VI.    NOTICE OF REMOVAL TO STATE COURT AND ADVERSE PARTY

72.    Following the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff and a copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, SMTC Corporation hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated:  October 23, 2024                                **DLA PIPER LLP (US)**

                                        By:    */s/ Joseph J. Kim*
                                              JULIE A. DUNNE
                                              JOSEPH J. KIM

                                              Attorneys for Defendants
                                              SMTC CORPORATION and SMTC
                                              MANUFACTURING CORPORATION
                                              OF CALIFORNIA

**INDEX OF EXHIBITS TO SMTC CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Complaint | |
| B | Summons, Civil Case Cover Sheet, and Notice of Case Management Conference | |
| C | Plaintiff's Proof of Service | |
| D | Plaintiff's Affidavit of Due Diligence | |
| E | SMTC Manufacturing's Answer | |
| F | Plaintiff's Proof of Service | |
| G | Plaintiff's Affidavit of Due Diligence | |
| H | Notice of Case Rescheduling or Relocation | |
| I | Minute Order and Order designating the case as Complex | |
| J | Initial Case Management Minute Order and Initial Case Management Order | |
| K | Joint Case Management Conference Statement | |
| L | Minute Order and Order continuing Initial Case Management Conference | |
| M | Plaintiff's Amendment to Complaint | |
| N | Plaintiff's Proof of Service | |
| O | 40 HRS' Answer | |
| P | CheckOne's Answer | |
| Q | SMTC Manufacturing's Substitution of Attorney | |
| R | SMTC Manufacturing's Notice of Related Case | |
| S | Plaintiff's Opposition to SMTC Manufacturing's Notice of Related Case | |
| T | Joint Stipulation and [Proposed] Order | |

| | | |
|---|---|---|
| U | Order granting Joint Stipulation to Continue Initial Case Management Conference | |
| V | SMTC Manufacturing's Reply to Plaintiff's Opposition to SMTC Manufacturing's Notice of Related Case | |
| W | Joint Stipulation and [Proposed] Order | |
| X | Minute Order and Order granting Joint Stipulation to Continue Initial Case Management Conference | |
| Y | Notice of Case Reassignment | |
| Z | Plaintiff's Peremptory Challenge to Judicial Officer and [Proposed] Order | |
| AA | Notices of Case Reassignment | |
| BB | Order granting Plaintiff's Peremptory Challenge to Judicial Officer | |
| CC | Notice of Case Reassignment | |
| DD | Minute Order and Order rescheduling Initial Case Management conference | |
| EE | Notice of Case Rescheduling or Relocation | |
| FF | Order rescheduling Initial Case Management Conference | |
| GG | SMTC Manufacturing's Notice of Change of Handling Attorney | |
| HH | Plaintiff's Amendment to the Complaint | |
| II | SMTC Corporation's Answer | |
| JJ | SMTC's Notice of Change of Handling Attorney | |
| KK | Entire Docket of the Case | |